R. D. SMITH et al., Appellants,

v.

CITY OF GILBERTSVILLE, Kentucky, a Municipal Corporation of the Sixth Class, et al., Appellees.

Court of Appeals of Kentucky.

Jan. 17, 1958.

Earl T. Osborne, Benton, for appellants.

Marvin C. Prince, Benton, for appellees.

CAMMACK, Judge.

This action was instituted in June, 1955, by the appellants, R. D. Smith and certain other residents of the City of Gilbertsville, against the appellees, the City of Gilbertsville, a city of the sixth class, and certain city officials. (The city officials were sued both individually and in their official capacities). The appellants prayed for a declaration of rights, a temporary restraining order and a permanent injunction under which the appellees would be prevented from further prosecuting them for violation of certain city ordinances. The ordinances were claimed to be invalid because they were not enacted at a public meeting as required by KRS 88.040. This appeal is from the judgment dismissing the complaint.

The only question raised on appeal is whether the meetings of the Board of Trustees, which were held in the living room of the residence of W. W. Joyce, chairman of the Board, were public meetings, within the meaning of KRS 88.040. The appellants contend that the meetings were not public, and cite City of Lexington v. Davis, 310 Ky. 751, 221 S.W.2d 659, in support of their contention.

The pertinent language of KRS 88.040 follows:

"* * * The board shall hold regular meetings once a month, at a time fixed by ordinance. * * * All meetings shall be held within the city limits at a place designated by ordinance, and shall be public."

The Gilbertsville Board of Trustees had adopted a resolution designating the home of W. W. Joyce as its regular meeting place. Notice of that designation was published and all regular meetings were held

at the designated place. At various times several of the appellants attended Board meetings, but none of them attended any of the regular meetings at which ordinances were adopted. The appellants, so they said, were reluctant to attend meetings held in Mr. Joyce's home without his special invitation. Gilbertsville does not have a city hall nor does it own any public building, but buildings open to the public (such as restaurants, stores and churches) may be found within its boundaries.

The appellants say that had the meetings been held in a public place they would have attended them. They argue we have held that a meeting in a private home was not a public meeting. City of Lexington v. Davis, 310 Ky. 751, 221 S.W.2d 659. Under the peculiar circumstances of the Lexington Case, where a meeting was adjourned to the home and bedroom of the sick Mayor, we said that the meeting did not meet the requirements of a public one. However, it is quite possible to hold a public meeting in a private place.

KRS 88.040 does not require that meetings be held in a public place but rather it specifies that *meetings* shall be *public*. Publication of the time and place of the regular meetings of the Gilbertsville Board of Trustees constituted an invitation to the public to attend. No member of the public was ever prevented from attending the meetings. The meetings were open to the public, even though they were held in a private home.

The trial judge found: "That the Town of Gilbertsville, Kentucky, has no public building in which regular meetings of its Board of Trustees may be held." In attacking this finding the appellants call attention to the stores, restaurants, and churches within the city limits and open to the public. As we have pointed out, the test is, Was the meeting a public one—not was it held in a public place. Obviously the trial judge was referring to ownership by the City of a public building such as a city hall.

The only requirement of KRS 88.040 pertinent to this case is that the Board meetings be public. Whether they were public was a matter of fact to be determined by the trial judge. Property Owners, Inc., v. City of Anderson, Ind., 107 N.E.2d 3. The trial judge found that they were public and there was ample evidence of probative value to support this finding.

Judgment affirmed.